WENDY J. OLSON, IDSB #7634
UNITED STATES ATTORNEY
TRACI J. WHELAN, ISDB #4416
ASSISTANT U.S. ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO  83815
TELEPHONE (208) 667-6568
FAX:  (208) 667-0814

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No. 10-120-MHW |
| Plaintiff, | ) RESPONSE TO MOTION FOR<br>) A JURY TRIAL |
| vs. | ) |
| RICARDO DANIEL RODRIGUEZ, | ) |
| Defendant. | ) |

The United States of America, by and through Wendy J. Olson, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney, files this response to the Defendant's Motion and Affidavit requesting a jury trial pursuant to 18 U.S.C. 3401 and Rule 58, Fed. R. Crim. P. Docket No. 29.

I.      **PROCEDURAL BACKGROUND**

On May 18, 2010, the federal grand jury returned a one-count Indictment charging the defendant with Assault, a violation of 18 U.S.C. § 113(a)(4). On July 9, 2010, the defendant was arraigned and pled not guilty. Due to a clerical error on the cover sheet which indicated the offense charged was a felony, the case was set for a jury trial. The clerical error was corrected and the case was set for a bench trial. After a detention hearing held on July 13, 2010, the defendant was released on his own recognizance. On September 30, 2010, the defendant filed a motion to continue the bench trial. The trial was continued to November 15, 2010. On

Response to a Motion for a Jury Trial - 1

October 1, 2010, this Court signed the Probation Office's pretrial release petition requesting a warrant for the defendant's arrest alleging the defendant violated conditions of his pretrial release. A hearing on this Petition is scheduled for October 14, 2010. On October 4, 2010, the defendant moved for a jury trial citing the novelty of his case, the volume of the discovery, and that this case is being monitored by his tribe and Idaho State law enforcement. Affidavit, pp. 1-2. The United States asserts those are not valid grounds for a jury trial.

### II. DISCUSSION

#### A. No Statutory Provision for a Jury Trial

The defendant has no right to a jury trial because he is charged with a petty offense. 18 U.S.C. § 3401(b) states a defendant charged with a misdemeanor, other than a petty offense, has the right to a jury trial before a district judge or magistrate judge. Rule 58(b)(2)(E)(i), Fed. R. Crim. P. requires the magistrate court to inform a defendant at his initial appearance of his right to a trial before a district judge "unless" the charge is a petty offense. Rule 58(b)(2)(F) also requires the court to inform the defendant at the initial appearance of his right to a jury trial before either a magistrate or a judge of the district court "unless the charge is a petty offense." A petty offense is clearly defined at 18 U.S.C. § 19.

> The term "petty offense" means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual
> . . . .

18 U.S.C. §§ 3571(b)(6) and (7) set the amount of a fine at not more than $5,000. Therefore, a petty offense is punishable by not more than six months imprisonment and a fine of not more than $5,000. The term of supervised release may not be more than one year pursuant to 18 U.S.C. § 3583(b)(3).

The statute under which the defendant was indicted, 18 U.S.C. § 113(a)(4), provides for a penalty of not more than six months imprisonment, a fine of not more than $5,000, a special

Response to a Motion for a Jury Trial - 2

assessment of $10, and up to one year supervised release.  The defendant is clearly charged with a petty offense.

### B. Case Law Does Not Support a Jury Trial.

In addition to the statutory language, this Court is guided by case law which determines if a defendant is entitled to a jury trial.  The United States Supreme Court has clearly ruled in cases where the defendant is charged with a petty offense there is no right to a jury trial *Lewis v. United States*, 518 U.S. 322, 326 (1996).  *Lewis* involved a United States Postal Service employee who took money out of the mail.  He was charged with two counts of obstructing the mail and each count carried with it a maximum sentence of six months' imprisonment. The defendant moved for a jury trial and the Magistrate Judge denied that motion.  The defendant appealed the denial and the District Court affirmed.  The defendant appealed the affirmation to the Second Circuit Court of Appeals who also affirmed the Magistrate Judge's decision.  The United States Supreme Court granted certiorari to resolve a conflict between the various Courts of Appeals as to whether a defendant prosecuted in a single proceeding for multiple petty offense has a constitutional right to a jury trial where the possible aggregate sentence exceeded six months' imprisonment.   The Court held there is no right to a jury trial even if the defendant is charged with several petty offenses and therefore could face more than six months in custody. 581 U.S. at 328.  The holding is clear.

> The Constitution's guarantee of the right to a jury trial extends only to serious offenses, and petitioner was not charged with a serious offense.  That he was tried for two counts of a petty offense, and therefore faced an aggregate potential term of imprisonment of more than six months, does not change the fact that the Legislature deemed this offense petty.  Petitioner is not entitled to a jury trial.

*Lewis*, 518 U.S. at 330.

The right to a jury trial is reserved for defendants accused of a serious offense and does not extend to petty offenses.  *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968).  "In evaluating the seriousness of the offense, we place primary emphasis on the maximum prison term authorized."

Response to a Motion for a Jury Trial - 3

*Lewis*, 518 U.S. at 326. An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate the legislature considered the offense serious. *Blanton v. North Las Vegas*, 489 U.S. 538, 543 (1989). The defendant can overcome this presumption only by showing that the additional penalties, viewed together with the maximum prison term, are so severe that the legislature clearly determined that the offense is a "serious" one. *United States v. Nachtigal*, 507 U.S. 1, 4 (1993) (per curiam). In this case, the legislature has not authorized additional statutory penalties. The only penalty is the maximum penalty of six months' possible imprisonment, a $5,000 fine, a $10 special assessment and one year of supervised release. There is no right to a jury trial.

In *Nachtigal*, the defendant was charged with DUI in a national park, a Class B misdemeanor, which carried a maximum penalty of six months' incarceration and a $5,000 fine. *Id.* at 2. A magistrate judge denied his request for a jury trial and he was convicted and sentenced. *Id*. The district court reversed on the issue of entitlement to a jury trial. The Ninth Circuit affirmed. *Id.* at 3. Certiorari was taken and the Supreme Court held that DUI in the national park was presumptively a petty offense to which a constitutional right to jury trial did not apply. *Id.* at 4. Likewise, in this case the defendant's offense is also a Class B misdemeanor and is a petty offense to which the Sixth Amendment right to a jury trial does not attach.

"The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task . . . ." *Blanton v. City of North Las Vegas, Nevada*, 489 U.S. 538, 541 (1989).

In *United States v. Clavette*, 135 F.3d 1308, 1310 (9th Cir. 1998), the Ninth Circuit held that an offense was a petty offense where the potential penalty carried a maximum of six months' incarceration and a $25,000 fine. In *United States v. Ballek*, 170 F.3d 871, 876 (9th Cir. 1999), the Ninth Circuit held an offense was a petty offense where the potential penalty carried a maximum of six months' incarceration and restitution exceeding $56,000. The court

Response to a Motion for a Jury Trial - 4

distinguished restitution from fines or other penalties because restitution represented a debt already owed to the victim. *Id.* at 876.

In the case-at-bar, there is no right to a jury trial. The defendant claims he should have a jury trial because the case is novel, the discovery is voluminous, and the case is closely being watched by Mr. Rodriguez's tribe and the Idaho State law enforcement. These are not reasons which statute or case law provides for a jury trial. The defendant fails to provide any statutory and case law authority for a jury trial and his request should be denied.

The case is not novel. It involves a assault by the defendant against Jeff Talbot. There is not an enhanced penalty based upon the fact that Jeff Talbot is a police officer. If the enhancement were applicable, the defendant would have been charged with a felony offense pursuant to 18 U.S.C. §§ 111, 115. The discovery is truly not voluminous because most of it deals with events which occurred as a result of the assault committed by the defendant. Out of an abundance of caution, the United States provided all possible information, whether relevant or not to the defendant's attorney. This included medical records of the defendant as well as the driver. The actual number of exhibits and witness are reasonable. There will be three or four witnesses and maybe a dozen or two exhibits which mostly consist of photographs. The amount of discovery is not a noted reason for a jury trial.

Finally the fact that the case has received attention by Mr. Rodriguez's tribe and the Idaho State Police is not a reason to create a right to jury trial where none exists. The defendant fails to cite to statutory or case law which supports this contention. The amount of public attention a case receives is not the determining factor. As the Supreme Court noted "[T]o determine whether an offense is serious for Sixth Amendment purposes, we look to the legislature's judgement, as evidenced by the maximum penalty authorized." *Lewis*, 518 U.S. at 330. The determination is not dependant on the amount of discovery, the novel aspect of a case or the public attention.

Response to a Motion for a Jury Trial - 5

The defendant is charged with a single petty offense. He is not entitled to a jury trial and his motion should be denied.

DATED this 11th day of October 2010.

                                        Respectfully Submitted,

                                        WENDY J. OLSON
                                        United States Attorney

                                        /s/_____
                                        TRACI J. WHELAN
                                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing was electronically filed October 11, 2010, with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Bryan P. Whitaker

And, I hereby certify that on the _____ day of _____, the following listed non-registered CM/ECF participants were served by:

☐ United States Mail, postage prepaid

☐ Hand-delivery

☐ Facsimile transmission (fax)

/s/_____
Priscilla A. Foster
Paralegal Specialist

Response to a Motion for a Jury Trial - 7